IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ROBERT JOHN RUCKER, SR.,**

    **Plaintiff,**

**vs.**                                         **CASE NO. 4:14cv664-WS/CAS**

**CORIZON HEALTH CARE,**
**KIMBERLY CLARK,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case on December 16, 2014, by filing a civil rights complaint. Doc. 1. Plaintiff was granted additional time in which to submit a completed in forma pauperis motion. Docs. 4-7. Plaintiff's recent submission, doc. 8, is not sufficient because it does not have the required documentation attached showing transactions in Plaintiff's inmate bank account. Nevertheless, because Plaintiff did submit such documentation in case number 4:14cv646-WS/CAS, the complaint has been reviewed as required by 28 U.S.C. § 1915A. For the reasons explained below, this case cannot proceed.

The complaint form solicits information about a litigant's prior cases. Plaintiff lists only his other case currently pending in this Court. Doc. 1 at 4. Plaintiff does not indicate that he has filed any other cases and he states affirmatively that he has never had any federal case dismissed as frivolous, malicious, failing to state a claim, or prior to service. *Id.* at 3-4. That is not correct. Judicial notice is taken that Plaintiff[1] previously filed a civil rights case (case number 2:04cv14121) in the United States District Court for the Southern District of Florida on May 14, 2004. The case was dismissed for failure to state a claim upon which relief could be granted on August 30, 2004. Plaintiff also filed a second civil rights case (case number 2:04cv14274) in the United States District Court for the Southern District of Florida on October 5, 2004. That case was dismissed on January 26, 2005, also for failure to state a claim upon which relief could be granted. Doc. 18-1 of that case. Plaintiff then filed an appeal to the Eleventh Circuit Court of Appeals, and on August 15, 2005, that Court dismissed Plaintiff's appeal as frivolous. Doc. 35-1 of case number 2:04cv14274. Each dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

Section 1915(g), enacted by the Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action in forma pauperis under § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Court has confirmed that the cases were filed by Plaintiff John Rucker, Sr., by comparison of the Department of Corrections inmate identification number.

Case No. 4:14cv664-WS/CAS

28 U.S.C. § 1915(g). Plaintiff's three prior prisoner actions which were dismissed for reasons listed in § 1915(g) require the denial of Plaintiff's in forma pauperis motion, unless Plaintiff is under imminent danger of serious physical injury.

Review of the complaint reveals this case challenges the revocation of Plaintiff's diet pass. Doc. 1 at 5-6. There are no factual allegations which show that Plaintiff faces "imminent danger" of serious physical injury. Accordingly, because the § 1915(g) bar must be applied, Plaintiff's motion for leave to proceed in forma pauperis, doc. 8, should be denied notwithstanding that it is insufficient, and this case should be dismissed. Dismissal should be without prejudice such that Plaintiff could file a new complaint in which he presents all of these same allegations, but he must pay the full $400.00 filing fee at the time of filing the complaint.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, doc. 8, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on February 2, 2015.

    S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:14cv664-WS/CAS