IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ROBERT JOHN RUCKER, SR.,**

    **Plaintiff,**

**vs.**                                     **CASE NO. 4:14cv664-WS/CAS**

**CORIZON HEALTH CARE,**
**KIMBERLY CLARK,**

    **Defendants.**

_____/


## SECOND REPORT AND RECOMMENDATION

A Report and Recommendation was first entered on February 2, 2015, recommending that Plaintiff's in forma pauperis motion, doc. 8, be denied pursuant to 28 U.S.C. § 1915(g).  Doc. 9.  The Report and Recommendation was adopted and this case dismissed on February 26, 2015.  Docs. 13-14.

Plaintiff, an inmate proceeding pro se, has filed a motion for relief from judgment on April 8, 2015.[1]  Doc. 15.  Plaintiff contends that dismissal of his case was wrong because he has presented a plausible claim.  *Id.* at 1-2.  Plaintiff also claims he "is facing a substantial risk of harm" because he must choose between starvation or injury

---

[1] The motion was filed beyond the time for filing an appeal.

to his digestive organs by eating the TVP and TSP food served in prison. *Id.* at 2-3. Liberally construed, Plaintiff's motion is deemed to assert relief pursuant to Rule 60(b)(1), "mistake, inadvertence, surprise, or excusable neglect."

As outlined in the earlier Report and Recommendation, doc. 9, Plaintiff did not correctly list all his prior cases and he has had at least three prior cases dismissed as frivolous, malicious, failing to state a claim, or prior to service. *Id.* Pursuant to § 1915(g), a prisoner with three strikes may not be granted in forma pauperis status to litigate even a plausible claim unless he is under imminent danger of serious physical injury. Plaintiff does not dispute that finding in the instant motion and, thus, he cannot pursue his claims in this case "unless he is under imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (concluding that the total withdrawal of treatment for HIV and hepatitis which are serious medical conditions, may constitute imminent danger of serious physical injury but affirming the dismissal of the complaint).

No factual allegations were presented in the complaint to show Plaintiff faces "imminent danger" of serious physical injury. Plaintiff's assertions in the instant motion also do not show "imminent danger" to him. Plaintiff contends that he is allergic to tomatoes and claims his "body cannot properly digest soybean without vomitting [sic] and abdominal pain." Doc. 15 at 2. Plaintiff should readily be able to avoid eating tomatoes. Plaintiff may also avoid eating soybean and has shown that he is able to do so because other prisoners give him canteen food. *Id.* at 3. Most importantly, Plaintiff has not demonstrated that he has lost any weight as a result of going without meals or avoiding foods which may cause him problems. While Plaintiff has argued physical

injury through discomfort, he has not shown "serious" physical injury.  Accordingly, the Court did not err in finding Plaintiff is subject to the § 1915(g) bar, that Plaintiff has not shown imminent danger, or serious physical injury.  Thus, Plaintiff has not shown that the order of dismissal was based on a mistake and Plaintiff's motion for relief from judgment, doc. 15, should be denied.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for relief from judgment, doc. 15, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 13, 2015.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**